IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMIE LYNN WATKINS                                                    PLAINTIFF

v.                              Civil No. 13-2088

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                       DEFENDANT

<u>**MEMORANDUM OPINION**</u>

Plaintiff, Jamie Watkins, brings this action under 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") and supplement security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed for DIB and SSI under Title II of the Act on March 31, 2011, alleging an onset date of January 29, 2011, due to fibromyalgia, cysts on her hands, and ovarian disease. Tr. 128-137, 162, 177-178.  The Commissioner denied Plaintiff's applications initially and on reconsideration. Tr. 57-60, 71-82.  An administrative hearing was held on November 18, 2011.  Tr. 21-56.  Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 25 years old and possessed a high school education and certification as a certified nurse assistant ("CNA"). Tr. 26, 28, 163.  She had past

relevant work ("PRW") experience as a CNA, grocery cashier, hotel front desk clerk, and factory worker (machine operator).  Tr. 28-32, 48, 153, 163, 169-176.

On October 17, 2011, the ALJ found Plaintiff's obesity, fibromyalgia, and polyarthralgias to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  Tr. 13-14.  After partially discrediting Plaintiff's subjective complaints, the ALJ determined that she retained the residual functional capacity ("RFC") to perform a

> a little less than a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(a).  She is able to lift/carry 10 pounds frequently and 20-25 pounds occasionally.  She can sit for a total of 6 hours and stand/walk for a total of 6 hours each in an 8-hour workday.  She can never climb ropes, ladders, or scaffolds.  She can occasionally stoop, kneel, crouch, and crawl.  She can frequently, but not constantly, perform handling/gross manipulation and fingering/fine manipulation with the bilateral upper extremities.  She cannot work at unprotected heights aor around dangerous machinery.

Tr. 14.  With the assistance of a vocational expert, the ALJ the concluded that Plaintiff could return to her PRW as a grocery cashier and factory worker.  Tr. 17.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on January 28, 2013.  Tr. 1-6.  Subsequently, Plaintiff filed this action.  ECF No. 1.  Both parties have filed appeal briefs, and the case is now ready for decision.  ECF Nos. 10, 13.

## II.   **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be

AO72A
(Rev. 8/82)

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

3

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience.  *See* 20 C.F.R. § § 404.1520(a)-(f)(2003).  Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity.  *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

## III.   <u>Discussion</u>:

Of particular concern to the undersigned is the absence of an RFC assessment in the file. The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Adequate medical evidence must therefore exist that addresses the claimant's ability to function in the workplace.  *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). The Court has held that the ALJ is not at liberty to make medical judgments regarding the ability or disability of a claimant to engage in gainful activity where such inference is not warranted by clinical findings. *McGhee v. Harris*, 683 F. 2d 256 (8th Cir. 1982).

In the present case, the record reveals that two non-examining, consultative physicians reviewed Plaintiff's records, one determining she did not have a medically determinable physical impairment and the other concluding her physical impairment was non-severe.  Without requesting an RFC assessment from a treating physician or sending Plaintiff for a consultative examination, the ALJ then concluded she could perform less than a full range of light work.  We can not, however, say that this determination is supported by substantial evidence.  The record simply contains no medical evidence from which the ALJ could have inferred such an RFC. Therefore, remand is necessary to allow the ALJ to either order a consultative rheumatology

4

examination complete with a full RFC assessment–not a check the box assessment, or obtain a thorough  assessment from Plaintiff's treating doctor.

We also note that the ALJ improperly used several factors to discredit Plaintiff's testimony.  First, the absence of objective medical evidence is not necessarily detrimental in fibromyalgia cases, given that a diagnosis of fibromyalgia is only warranted when objective testing has ruled out all other possibilities.  Mayo Foundation for Medical Education and Research, *Fibromyalgia*, http://www.mayoclinic.com/health/fibromyalgia/DS00079/DSECTION =tests-and-diagnosis (last accessed July 16, 2014).  And, the fact that Plaintiff has been treated via medication only has no bearing on her credibility, since the only known treatment for fibromyalgia consists of conservative treatments to include exercise, local heat, stress management, drugs to improve sleep, and analgesics.  THE MERCK MANUAL, *Fibromyalgia*, http://www.merckmanuals.com/professional/musculoskeletal_and_connective_tissue_disorde rs/bursa_muscle_and_tendon_disorders/fibromyalgia.html?qt=fibromyalgia&alt=sh#v908051 (last accessed July 16, 2014).

Likewise, Plaintiff's ability to perform a limited number of household chores, attend church, teach a Sunday School Class with assistance, occasionally prepare simple meals, and care for her three year old daughter does not necessarily refute her claim of disability.  The Eighth Circuit has held, in the context of a fibromyalgia case, that the ability to engage in activities such as cooking, cleaning, and hobbies, does not constitute substantial evidence of the ability to engage in substantial gainful activity.  *Brosnahan v. Barnhart*, 336 F.3d 671, 677 (8th Cir. 2003); *See Kelley v. Callahan,* 133 F.3d 583, 588-89 (8th Cir. 1998).  Accordingly, on remand, the ALJ should also reassess Plaintiff's subjective complaints.

5

IV.    **Conclusion**:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding

this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C.

§ 405(g).

DATED this 17th day of July 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)